```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC JEVON HALL                    :    CIVIL ACTION
                                   :
          v.                       :
                                   :
DAVID ANTHONY VARANO, et al.       :    NO. 08-4996
```

MEMORANDUM

Bartle, C.J.                                         March 19, 2009

Before the court is the petition of Eric Jevon Hall for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon the court's order of December 8, 2008 the matter was referred to Magistrate Judge Sitarksi for a report and recommendation. She has recommended that we deny the petition with prejudice as untimely. For the following reasons, we adopt her recommendation.

Hall was convicted of robbery and possession of an instrument of crime on January 24, 2003 in the Philadelphia County Court of Common Pleas. On October 25, 2004, the Superior Court of Pennsylvania denied his appeal. His conviction became final on November 24, 2004 when the time for seeking discretionary review before the Pennsylvania Supreme Court expired. Seventy days later, on February 2, 2005, Hall filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546. The PCRA court dismissed his petition as meritless. Hall brought an

unsuccessful appeal in the Superior Court.  The Pennsylvania Supreme Court declined to review Hall's PCRA petition on October 30, 2007.  Hall then petitioned this court for habeas corpus relief on September 30, 2008.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a strict one year statute of limitations on the filing of a petition for habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. at § 2244(d)(1)(A).  The statute is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Id. at § 2244(d)(2).

Hall's limitations period began to run on November 24, 2004 when his conviction became final.  The statute was tolled starting February 2, 2005 when he filed a PCRA petition.  It resumed on October 30, 2007 when his PCRA review concluded.  At that time, Hall had already used 70 days of the limitations period and thus had only 295 days left in which to file a petition with this court.  Hall was required to file his petition

---

1. The docket shows that the petition was actually filed on October 21, 2008, however Hall dated the petition September 30, 2008.  "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  The government has accepted September 30, 2008 as this date.  Br. of Resp't at 3 n.1 (Jan. 20, 2009).

on or before August 20, 2008.  He did not file until September 30, 2008 and he is therefore out of time.

Hall argues that he should receive the benefit of equitable tolling for four reasons:  (1) he did not learn until January 4, 2005 that the Pennsylvania Supreme Court had denied his appeal because counsel never informed him; (2) he had "reduced access" to the prison law library; (3) counsel erroneously informed him that he had one year from the conclusion of his PCRA proceedings to file a federal habeas petition; and (4) prison officials denied his requests to correspond with jailhouse lawyers and paralegals.

The Supreme Court has not decided whether equitable tolling is available under § 2244, which governs the time period for filing a § 2254 motion.  In Lawrence v. Florida the Court "assume[d] without deciding that it is."  549 U.S. 327, 336 (2007).  The Court explained that to be entitled to equitable tolling, a petitioner "must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  Id. (internal quotations and citations omitted).  We do not reach the issue of whether Hall pursued his rights diligently because we conclude that no extraordinary circumstance stood in his way to prevent the timely filing of his habeas petition.

Even if Hall's counsel was negligent in failing to inform him of the denial of his direct appeal, Hall admits that he knew by January 4, 2005 that the Pennsylvania Superior Court

had denied his appeal.  Therefore, he still had more than ten months to research the statute of limitations and submit his federal habeas petition in a timely matter.  Because his PCRA petition tolled the limitations period, Hall actually had until August 20, 2008 to file his petition.  We conclude that in Hall's case, the six week delay in learning that his conviction was final was not an extraordinary circumstance warranting equitable tolling.

Hall contends that his "reduced access" to the jailhouse library caused him to file late.  This argument is unavailing for at least two reasons.  First, Hall admits that "after reading some of the law books in the R.H.U. mini law library, I was reasonably convinced that from the date my conviction became final (Oct. 30th 2007) I had exactly one year to file my petition for habeas relief."  Pet'r's Objection to Report at 1.  He writes, "I honestly believed that I filed my petition a month early."  Id. at 2.  Thus, even if Hall had spent additional time in the library, it is not clear that the outcome would have been any different.  Hall researched the law on the statute of limitations and, regrettably, reached the wrong conclusion.

Second, Hall's claim that he was denied "meaningful access" to the jailhouse law library is not supported by his own rendering of the facts.  Hall reports that he has been housed in punitive segregation since October, 2005, which houses a mini law library.  Hall complains that "[s]ome weeks petitioner received

only (2) hours of law library time a week, other weeks petitioner may have received (4) hours of law library time and there was [sic] times where petitioner received no law library time during the week.  The time frame from May 2007 – July 2008."  Pet'r's Objection to Report at 4.  He further explains that he had six other civil matters pending at the time and that "(2) hours a week or even (4) hours a week" was not "meaningful access."  Id. Assuming that Hall received on average only two hours of library access per week from October 30, 2007, when his PCRA review concluded, until August 20, 2008, when his federal habeas petition was due, that would have amounted to eighty-two hours in the library.  Eighty-two hours, even assuming that it was all the time Hall was afforded in the library during the relevant period, is not so limited as to constitute an extraordinary circumstance warranting equitable tolling.  See Earl v. Fabian, --- F.3d ---, 2009 WL 426063, *6 (8th Cir. 2009).  The fact Hall had unrelated civil matters pending does not weigh in our analysis.

    Magistrate Judge Sitarski's report and recommendation fully addresses Hall's argument that he was late in filing because he relied on the erroneous advice of counsel.  In a letter dated October 21, 2007, Hall's lawyer ended his representation of Hall and advised,

> Please know that there is a time limit within
> which to file a petition in federal court and
> you should check with the prison lawyer
> and/or the prison law library.  It is my
> understanding that you would have ninety (90)
> days within which to file a Petition for Writ
> of Cert to the United States Supreme Court

        and that you would have one (1) year within
which to file a Petition for 2254 Relief with
the Federal Court.

Letter of Pet'r at Attach. 2 (Feb. 2, 2009).  We agree with Magistrate Judge Sitarski's conclusion that an attorney's mistake in calculating the statute of limitations date on a habeas petition is not an extraordinary circumstance justifying equitable tolling, particularly where the attorney only offered his "understanding" and directed the client to investigate the matter further.  See Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002).

      Hall's complaint that he was not granted access to jailhouse lawyers or to paralegals is also without merit.  A federal habeas petitioner is not automatically entitled to a lawyer, and prison administrators are not obligated to provide one.  See 18 U.S.C. § 3006A; Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) superseded by statute on other grounds, 28 U.S.C. § 2254(d).  According to the letter from the prison paralegal staff that Hall attaches, "Staff Paralegals are assigned to those inmates who are legitimately illiterate, are not proficient in English and need translation services, or have a disability that interferes with their ability to use or understand legal materials."  Letter of Pet'r at 3 (Feb. 2, 2009).  Therefore, Hall's lack of an attorney does not entitle him to equitable tolling.

      In addition to his arguments for equitable tolling, Hall claims actual innocence.  A claim of actual innocence is

"not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995). To establish actual innocence, Hall must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations omitted). Although Hall disputes the accuracy of the two eye witnesses who identified him as the perpetrator, the witnesses gave competent testimony and the jury could accept their statements as true. See N.T. 1/22/03 at 20, 50. Thus, Hall cannot demonstrate actual innocence.

Accordingly, we will deny Hall's petition for writ of habeas corpus and his request for a hearing.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC JEVON HALL                  :      CIVIL ACTION
                                 :
          v.                     :
                                 :
DAVID ANTHONY VARANO, et al.     :      NO. 08-4996
```

ORDER

AND NOW, this 19th day of March, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the petition of Eric Jevon Hall for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED; and

(2)  no certificate of appealability is issued.

BY THE COURT:

/s/ Harvey Bartle III
                                                C.J.